IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DEREK Q. JAMES, Register No. 182777,    )
                                        )
                Plaintiff,               )
                                        )
        v.                               )    No. 05-4328-CV-C-NKL
                                        )
DAVE DORMIRE, et al.,                    )
                                        )
                Defendants.              )

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Named defendants are Dave Dormire; CMS personnel at Jefferson City Correctional Center (JCCC), G. Jorgenson, R.N. Debra Lewis, R.N. Sue, R.N. Wanda Laramore, and Drs. Alfred Garcia, Hardman, Puglisis, and Lamour; and John Does at South Central Correctional Center (SCCC).

In support of his claims for relief, plaintiff claims he has a fungal infection on his right hand ring finger and fingernail and the tip of his finger is "dark green." Plaintiff alleges that CMS personnel at SCCC refused to treat him or allow him to see a doctor and that CMS personnel at JCCC, Nurses Debra Lewis, Sue and Wanda Moore and Drs. Alfred Garcia, Hardman and Puglisis, refused him treatment.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915. Under section 1915, the in forma pauperis statute, the court must dismiss the case if it finds the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Additionally, if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under 28 U.S.C. § 1915(g). The only

exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." Id.

Plaintiff is a frequent litigator who has had several cases dismissed for failure to state a claim or because frivolous under 28 U.S.C. § 1915. See James v. Schriro, No. 99-4264 (W.D. Mo. 2000) (failure to state a claim on which relief may be granted); James v. Schriro, No. 99-3392 (W.D. Mo. 1999) (failure to state a claim on which relief may be granted); James v. Schriro, No. 00-1462 (8th Cir. 2000) (affirming frivolous dismissal and counting dismissal as strike under section 1915(g)).

Plaintiff allegations may be claims of imminent danger of "serious physical injury"; thus, plaintiff's complaint will not be dismissed at this time, and a conference will be scheduled to determine whether plaintiff is in such danger.

Plaintiff's requests for preliminary injunctive relief should be denied. Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the

2

merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Moreover, plaintiff's claims against defendants Dave Dormire, G. Jorgenson and Dr. Lamour should be dismissed. Plaintiff appears to be suing these defendants based upon their supervisory positions. A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). The records available to the court indicate plaintiff is capable of making an initial payment of $1.70[1] toward the filing fee. Thereafter, plaintiff will need to make monthly payments until the fee is paid in full. If plaintiff is employed, he should notify the court of his salary and the number of hours he is scheduled to work, along with a statement of his expenses. If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule.

---

[1]The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

3

Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response.  Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. [2]  It is further

ORDERED that within thirty days, plaintiff make an initial payment of $1.70 toward the $250.00 filing fee.  It is further

ORDERED that within thirty days, the Attorney General of Missouri and Correctional Medical Services, Inc., notify the court, in writing, for which defendants they will and will not waive service of process.  It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived.  It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration.  It is further

RECOMMENDED that plaintiff's claims against defendants Dave Dormire, G. Jorgenson and Dr. Lamour be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.  It is further

RECOMMENDED that plaintiff's motions for preliminary injunctions and temporary restraining orders be denied, without prejudice [17, 20].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.  See L.R. 74.1.

Dated this 9th day of March, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge