IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DEREK Q. JAMES, Register No. 182777, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4328-CV-C-NKL |
| | ) | |
| G. JORGENSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Derek Q. James, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants filed a motion to dismiss plaintiff's claims for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e. Plaintiff has filed a response.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Pursuant to the March 11, 2005 Missouri Department of Corrections Offender Grievance Procedures, an offender has exhausted the administrative grievance procedure as to his claims, pursuant to federal law, upon receipt of a grievance appeal response. See Missouri Department of Corrections Manual, D5-3.2, Offender Grievance, No. III(M)(12) (March 11, 2005). Furthermore, section 1997e(a) requires that an inmate exhaust all available administrative remedies regarding the allegations in his complaint prior to bringing suit. Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). Finally, when multiple prison conditions claims have been joined, the plain language of

section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims.  Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).

In the instant case, plaintiff has failed to provide evidence or information that he has exhausted his administrative remedies as to his medical claims.  Plaintiff filed his complaint with this court on October 12, 2005, and only recently, on January 25, 2006, filed an administrative grievance appeal on such claims.  Plaintiff has yet to receive a grievance appeal response on his medical claims, and the expiration of the time period for responding to such grievance appeal has not expired.  Plaintiff's general allegations that he has previously been denied the opportunity to pursue his medical claims via the grievance procedures are not supported by the evidence, and are insufficient to allow plaintiff to proceed with filing a federal lawsuit prior to exhaustion of administrative remedies.

Therefore, because plaintiff has failed to exhaust his administrative remedies, as required by 42 U.S.C. §1997e, his claims should be dismissed, without prejudice.  Should plaintiff exhaust his administrative remedies, he may refile his complaint.  Plaintiff is advised that if he refiles this suit after exhausting his administrative remedies, he will be required to pay the full filing fee.  28 U.S.C. § 1915 (as amended Apr. 26, 1996).  Installment payments are permitted if plaintiff is granted leave to proceed in forma pauperis.

The court notes that plaintiff is a frequent litigator, and was granted leave to proceed in forma pauperis based only upon his allegations that he was in imminent danger of serious physical injury because he was being denied medical treatment for a fungus on his fingers, which was turning his fingers green.  A telephone conference was held with plaintiff and defense counsel to address any imminent medical issues of plaintiff.  Defendants have provided copies of plaintiff's medical records which indicate plaintiff is receiving medical treatment for his fingers.  It appears that plaintiff merely disagrees with the treatment recommended, which is not actionable under 42 U.S.C. § 1983.  Thus, the court concludes that there appears to be no imminent medical issues, and plaintiff's complaint can be properly dismissed for failure to exhaust administrative remedies.

IT IS, THEREFORE, RECOMMENDED that defendants' motion to dismiss, pursuant to 42 U.S.C. § 1997e, be granted, and plaintiff's claims be dismissed, without prejudice [39, 40].  It is further

RECOMMENDED that plaintiff's motions for orders regarding such claims be denied, without prejudice [22, 27].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 24th day of May, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge