IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DEREK Q. JAMES, Register No. 182777, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4328-CV-C-NKL |
| | ) | |
| G. JORGENSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff seeks relief from the judgment in this case, pursuant to Fed. R. Civ. P. 60(b). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Reyher v. Champion, 975 F.2d 483, 488 (8th Cir. 1992) (quoting United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986)). No exceptional circumstances justifying relief have been shown.

Plaintiff has failed to show he properly exhausted all his administrative remedies prior to filing suit. Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

Plaintiff's allegations that he was not receiving timely responses to his IRR and grievances filed is not sufficient to allow him to proceed with filing a federal lawsuit prior to exhaustion. The court takes judicial notice of the fact that Missouri Department of Corrections (MDOC) has a procedure manual which provides that upon expiration of the response time limit at any stage of the grievance process, the prisoner shall be allowed to move to the next stage of the process by notifying the grievance officer. See MDOC Dept. Manual D5-3.2, Offender Grievance (Mar. 11, 2005), Nos. III (K)(9), and (L)(18). Thus, plaintiff had the opportunity,

pursuant to the prison grievance procedure manual, to continue with his claims to the point of administrative exhaustion, but did not do so.

Plaintiff's motion to reinstate this case is denied. Upon exhaustion of his claims, plaintiff has the option of filing a new complaint with this court, if he determines it necessary.

THEREFORE, IT IS ORDERED that plaintiff's motion for relief from the judgment is denied. [83]

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: April 11, 2007
Jefferson City, Missouri

2